UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
PAUL F. FIGLEY                            )
3913 Keith Place                          )
Annandale, VA 22003,                      )
                                          )
                Plaintiff,                )
                                          )      No. 17-1789
        v.                                )
                                          )
ENVIRONMENTAL PROTECTION AGENCY           )
1200 Pennsylvania Ave. N.W.               )
Washington, D.C. 20460,                   )
                                          )
                Defendant.                )
_____ )

## Complaint

1.  This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. §552, for injunctive and other relief, including mandated disclosure and release of agency records requested by Plaintiff, Paul F. Figley, and improperly withheld from him by U.S. Environmental Protection Agency (EPA).  EPA responded that it was not in possession or control of any responsive documents, even though the requested documents relate to a provision in the guilty plea of BP Exploration & Production, Inc. in the Deepwater Horizon matter in which BP agreed to pay approx. $2.3 billion to the National Fish and Wildlife Foundation.  EPA investigators participated in the criminal investigation by the Deepwater Horizon Task Force that led to the guilty plea and EPA has stated it was part of the team that negotiated the plea agreement.

2.  The EPA also wrongly denied Plaintiff's request for a waiver of all fees.  Plaintiff seeks this information for a scholarly article he is writing about congressional oversight of federal spending.  Specifically, the article will address the payment of extraordinary restitution in guilty pleas such as that required in the Deepwater Horizon matter.   Plaintiff has testified before

1

Congressional committees as an expert on this subject on several occasions.  The release of the requested documents, therefore, is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the Government and is not in the commercial interest of the requester.

### Jurisdiction and Venue

3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. §552 (a) (4) (B).  This Court also has jurisdiction over this action under 28 U.S.C. §1331.  Venue lies in the district under 5 U.S.C. §552 (a) (4) (B).

### Parties

4.  Plaintiff resides in Annandale, Virginia, and is a professor at the Washington College of Law at American University where he also serves as Associate Director of the Legal Rhetoric Program.  Professor Figley seeks the information described below for a scholarly article he is writing related to Congress's power of the purse and H.R. 732, titled "Stop Settlement Slush Funds," which has passed the House of Representatives in the current Congress.  A compilation of Plaintiff's publications can be found at https://works.bepress.com/paul_figley/.  H.R. 732 addresses the practice of the Executive Branch whereby criminal defendants as part of a guilty plea agree to bestow financial benefits upon third-parties not directly related to the offenses charged.  Professor Figley has testified three times before Congress on related issues: (1) "Oversight of the Judgment Fund" before the Committee on the Judiciary, Subcommittee on the Constitution and Civil Justice, U.S. House of Representatives (Washington, D.C., March 2, 2017); (2) "Oversight of the Judgment Fund:  Iran, Big Settlements, and the Lack of Transparency" before the Committee on the Judiciary, Subcommittee on the Constitution and

Civil Justice, U.S. House of Representatives (Washington, D.C., September 2, 2016); and

(3) "Stop Settlement Slush Funds Act of 2016," before the Committee on the Judiciary,

Subcommittee on Regulatory Reform, Commercial and Antitrust Law, U.S. House of

Representatives (Washington, D.C., April 28, 2016).

  5.  Defendant EPA is an agency of the United States Government within the meaning of

5 U.S.C. §552 (f).

    **<u>Factual Allegations Related to Withholding the Requested Information</u>**

  6.  By letter dated March 23, 2017 addressed to National Freedom of Information Officer,

U.S. Environmental Agency, Plaintiff, requested copies of these documents:

    a. All guidance, policies, regulations regarding the selection of persons or entities

to receive funds from a defendant as community service in conjunction with § 5-

11.115—"Global Settlements"; Community Service of the U.S. Attorneys' Manual.

https://www.justice.gov/usam/usam-5-11000-environmental-crimes#5-11.115.

    b. All guidance documents, policies, or regulations regarding the selection of

persons or entities to receive funds from a defendant as community service in conjunction

with § 9-16.325-Plea Agreements and "Extraordinary Restitution" of the U.S. Attorneys'

Manual.  https://www.justice.gov/usam/usam-9-1600-pleas-federal-rule-criminal-

procedure-11#9-16.325.

    c. All documents approving or recommending approval of the payment of "$2.294

billion to the National Fish and Wildlife Foundation (NFWF), a nonprofit organization"

from BP Exploration & Production, Inc. as required by ¶ 35 of the Guilty Plea Agreement

in *United States v. BP Exploration & Production, Inc.* (E.D. La. 2:12-CR-00292-SSV-

DEK).

d. All documents discussing the selection of persons or organizations (other than those proximately injured by BP's actions) that might receive payments from BP Exploration & Production, Inc. as part of a possible Guilty Plea Agreement in *United States v. BP Exploration & Production, Inc*. (E.D. La. 2:12-CV-00292-SSV-DEK).

e. All documents discussing the criteria for selecting persons or organizations (other than those proximately injured by BP's actions) to receive payments from BP Exploration & Production, Inc. as part of a possible Guilty Plea Agreement in *United States v. BP Exploration & Production, Inc*. (E.D. La. 2:12-CV-00292-SSV-DEK).

f. All documents setting the criteria for selecting persons or organizations (other than those proximately injured by a defendant's actions) to receive payments from a defendant under § 5-11.115—"Global Settlements"; Community Service of the U.S. Attorneys' Manual.

g. All documents setting the criteria for selecting persons or organizations (other than those proximately injured by a defendant's actions) to receive payments from a defendant under § 9-16.325—Plea Agreements, Deferred Prosecution Agreements, Non-Prosecution Agreements and "Extraordinary Restitution" of the U.S. Attorney's Manual.

h. All communications from the government to the National Fish and Wildlife Foundation (or its representatives or people advocating on its behalf) that address, mention, or pertain to possible payments to the National Fish and Wildlife Foundation as part of a resolution of *United States v. BP Exploration & Production, Inc*. (E.D. La. 2:12-CV-00292-SSV-DEK).

i. All communications from the National Fish and Wildlife Foundation (or its representatives or people advocating on its behalf) to the government that solicit, address,

mention, or pertain to possible payments to the National Fish and Wildlife Foundation as part of a resolution of *United States v. BP Exploration & Production, Inc*., (E.D. La. 2:12-CV-00292-SSV-DEK.

j. All communications from or on behalf of entities not proximately injured by BP's actions, other than the National Fish and Wildlife Foundation, to the government that solicit, seek, or inquire about possible payments to them as part of a resolution of *United States v. BP Exploration & Production, Inc*., (E.D. La. 2:12-CV-00292-SSV-DEK.

7.  By letter dated May 9, 2017, Thomas J. Seaton, Deputy Director, Legal Counsel Division, Office of Criminal Enforcement, Forensics & Training at EPA, responded to Plaintiff's request, identified as "EPA-HQ-2017-005244."  Mr. Seaton informed Plaintiff that "[t]he Office of Criminal Enforcement, Forensics and Training (OCEFT) has conducted a records search and there are no documents responsive to your request."  The letter stated that Plaintiff may appeal the response and that it "must be received no later than 90 calendar days from the date of this letter."

8.  By letter dated June 13, 2017, Plaintiff filed an appeal of the May 9, 2017 response, stating that:

> [t]he notion that EPA does not have any of these documents defies credulity.  The Gulf Oil spill fell within EPA's area of responsibilities.  EPA created a web page addressing the spill, "Deepwater Horizon—BP Gulf of Mexico Oil Spill," https://19january2017snapshot.epa.gov/enforcement/deepwater-horizon-bp-gulf-mexico-oil-spill.html.  EPA's Inspector General testified that EPA was part of a team that negotiated the plea agreement: "The OIG's Office of Investigations was

part of the Deepwater Horizon Task Force that led to [British Petrolem's] guilty

plea" and its obligation "to pay $4 billion in criminal fines and penalties—the

largest criminal resolution in U.S history."  Statement of Arthur A. Elkins Jr.,

Inspector General, Office of Inspector General, U.S. Environmental Protection

Agency before the Commission on Oversite and Government Reform U.S. House

of Representatives, at 3 (October 1, 2013).  Given this background, it is apparent

that the search for documents responsive to my request was inadequate.

9.  By letter dated June 13, 2017, EPA advised Plaintiff that his administrative appeal had

been "received by the Agency on June 13, 2017" and that it "is being assigned to an attorney in

the office of General Counsel for processing."  The letter stated that the appeal had been

assigned this appeal number:  EPA-HQ-2017-008386.

10.  Over 20 days have passed since Plaintiff's FOIA administrative appeal was received

by EPA and EPA has not responded to it.  Under 5 U.S.C. §552 (a) (6) (A) and 5 U.S.C. §552 (a)

(6) (C), Plaintiff has exhausted the applicable administrative remedies regarding his FOIA

request.

11.  Plaintiff has a right of prompt access to the requested records under 5 U.S.C. §552

(a) (3) (A) and EPA has wrongfully withheld the sought-after documents.

**Factual Allegations Related to Denial of the Requests for a Fee Waiver**

12.  Under FOIA regulations, a person may request in writing to have fees waived if

disclosing the requested information is in the public interest because it is likely to contribute

significantly to public understanding of the operations and activities of the government and is not

primarily in the commercial interest of the requester.

13.  In Plaintiff's March 23, 2017 request for documents, he specifically requested that all fees be waived:

> I am an academic requester.  The information is sought for educational and public interest purposes.  I intend to use it in a scholarly article I am writing about Congressional oversight of federal spending.  The information sought includes information about the payment of $2.394 billion . . . to the National Fish and Wildlife Foundation by a criminal defendant.  The information sought pertains to how and why the Executive Branch decided to have this amount of money paid to this organization, as opposed to other organizations.  There is substantial public interest concerning whether government bestows such a large amount of money on a single organization as part of a criminal prosecution.  The public interest concern is demonstrated by Congress's active consideration of legislation pertaining to the practice.  *See* H.R. 732: *Stop Settlement Slush Funds Act of 2017.*
>
>      . . . The disclosure of responsive documents is likely to contribute to an understanding of government operations or activities because it will provide some information as to how and why the decision was made to award this money, the manner in which beneficiary organizations are chosen, and the manner in which potential beneficiary organizations apply to be chosen.  The disclosure will contribute to the understanding of a reasonably broad audience because publiction of the information will enlighten the public as to how the Executive Branch officials determine

which entities will receive substantial grants paid by defendants

prosecuted for environmental crimes.  Responsive information will likely

be considered by Congress.  *See* H.R. 372.

14.  In a letter to Plaintiff, dated March 30, 2017, the EPA denied the request for a waiver

of fees, stating that Plaintiff "had not expressed a specific intent to disseminate the information

to the general public."

15.  On April 14, 2017, Plaintiff appealed the March 30, 2017, denial of his request for a

waiver of fees for his FOIA request of March 23, 2017.  The appeal letter recited the same

reasons the waiver should be granted that were set forth in the March 23, 2017, waiver request

and argued that the EPA's assertion that Plaintiff had "not expressed a specific intent to

disseminate the information to the general public" was "factually incorrect."  The letter noted

that in the request for a waiver Plaintiff stated he "intend[s] to use [the requested information] in

a scholarly article . . . [he] is writing about Congressional oversight of federal spending."

16.  Over 20 days have passed since Plaintiff submitted to EPA an appeal of the denial of

the waiver request and EPA has not responded to it.  Under 5 U.S.C. §552 (a) (6) (A) and 5

U.S.C. §552 (a) (6) (C), Plaintiff has exhausted the applicable administrative remedies regarding

his appeal of the denial of his request for a waiver of fees.

### Requested Relief

Wherefore, Plaintiff prays this Court:

1.  order Defendant to disclose the requested records in their entireties and provide copies

to Plaintiff;

2.  provide for expeditious proceedings in this action;

3.  declare that Defendant's denial of Plaintiff's fee-waiver request was unjustified;

4.  award Plaintiff his costs and reasonable attorney's fees in this action; and

5.  grant such other relief as the Court may deem just and proper.

Respectfully submitted,

s/Jerome A. Madden
Jerome A. Madden
MADDEN LAW PLLC
Suite 400
1455 Pennsylvania Ave NW
Washington, D.C. 20004
(202) 349-9836
JMadden@MaddenLawPLLC.com

Dated: September 1, 2017